IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY D. PROFFITT,

        Plaintiff,                    No. CIV S-06-2147 DFL KJM P

    vs.

THE PROFFFIT CHILDREN'S      ORDER AND
ATTORNEYS, et al.,
                                      FINDINGS AND RECOMMENDATIONS
        Defendants.
                              /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1    Plaintiff's rambling complaint is accompanied by one hundred twenty three pages
2 of exhibits, in no discernible order; the exhibits do not make the complaint more understandable.
3 To the extent the court is able to decipher plaintiff's claims, however, it finds that they are not
4 cognizable under the civil rights act.
5    First, plaintiff names as defendants John Bishop and his wife Mandora Proffitt,
6 who allegedly contributed to the delinquency of plaintiff's children.  Plaintiff has not alleged any
7 facts suggesting that these two acted under the color of state law or authority, which is a
8 prerequisite for a lawsuit under the civil rights act.  DeGrassi v. City of Glendora, 207 F.3d 636,
9 647 (9th Cir. 2000).
10    Second, plaintiff names Manuel Garcia, the lawyer who was appointed to represent
11 him in the juvenile court proceedings concerning the custody of his children.  He alleges that
12 Garcia failed to notify the district attorney and plaintiff's lawyer in the criminal case about a
13 report showing that the one of the victims was caught skinny-dipping.  An appointed lawyer in
14 juvenile proceedings does not act under the color of state law for purposes of the civil rights act.
15 See Kirtley v. Rainey, 326 F.3d 1088, 1093-94 & n.2 (9th Cir. 2003).
16    Third, plaintiff names the juvenile court, for not providing reports about the victim
17 to the superior court in connection with the criminal case against plaintiff and for approving the
18 adoption of plaintiff's children.  A judge is immune from suit for acts taken in the judge's judicial
19 capacity, unless they are taken in the complete absence of jurisdiction.  Mireles v. Waco, 502 U.S.
20 9, 11-12 (1991).  This immunity "extends to actions for declaratory, injunctive and other
21 equitable relief."  Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996).
22    During the course of this action, plaintiff has filed over thirty motions and
23 requests.  In light of the fact that plaintiff has not stated a claim under the civil rights act, nor can
24 any amendments to this complaint render these claims cognizable, there is no viable underlying
25 action to justify granting any of the motions.
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All of plaintiff's outstanding motions and requests are hereby denied.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2007.

_____
U.S. MAGISTRATE JUDGE

2

proff2147.56